# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: MAY 5, 2016
NOT TO BE PUBLISHED

*Supreme Court of Kentucky*

2015-SC-000387-MR

DATE S-26-16 Ent Grou..tt P.C

DWAYNE EARL BISHOP            APPELLANT

V.
               ON APPEAL FROM COURT OF APPEALS
                    NO. 2014-CA-001079-OA
             FLOYD CIRCUIT COURT NO. 00-CR-00061

HONORABLE EDDY COLEMAN, SPECIAL           APPELLEE
JUDGE, FLOYD CIRCUIT COURT

AND

COMMONWEALTH OF KENTUCKY          REAL PARTY IN INTEREST


**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Dwayne Earl Bishop appeals to this Court from the Court of Appeals' order denying his petition for a writ of mandamus to direct the trial court to rescind its order purportedly depriving Bishop of access to counsel at trial. The Court of Appeals declined to issue the writ because Bishop has an adequate remedy by appeal. We agree and affirm the order of the Court of Appeals.

**I. FACTUAL AND PROCEDURAL BACKGROUND.**

Bishop was indicted sixteen years ago for the brutal murder of his estranged wife. He was tried, convicted, and sentenced to life imprisonment. He appealed the conviction to this Court contending he was denied a right to hybrid counsel at trial. We agreed. And in an unpublished opinion, we reversed the conviction, holding that Bishop was "constitutionally entitled to

make a limited waiver of counsel, specifying the extent of services he desires."[1] We remanded his case for further proceedings consistent with our ruling.

In the years since our ruling, a retrial has been repeatedly delayed in large part because of Bishop's clash with a succession of attorneys appointed to him as hybrid counsel. This stems mostly from Bishop's frequent invocation of his "constitutional right to be the captain of his own defense ship." His frequent battle with appointed counsel about defense strategy ultimately caused the trial court to order a formal hearing to inquire into precisely why it was taking so long to bring the case to trial. The hearing resulted in the trial court's entering written findings of fact, conclusions of law, and the order that brought about this writ action.

The trial judge found as a matter of fact that Bishop failed to cooperate with the eleven attorneys that have been appointed to him as hybrid counsel at some point since our remand. Specifically, the trial court found that Bishop refused to disclose defense witnesses to attorneys, insisted on pursuing collateral issues, and refused to discuss relevant trial strategy. Despite his attorneys' efforts to pursue the collateral issues to the extent the trial court allowed, Bishop remained unsatisfied and routinely refused advice on appellate procedure, the rules of evidence, or relevant defensive strategies. This eventually led the trial court to determine that Bishop's antagonistic behavior toward his appointed counsel was the main reason behind the significant delay for retrial, suggesting even that Bishop's recalcitrance is calculated to delay retrial.

---

[1] *Bishop v. Commonwealth*, 2009 WL 424989 (Ky. 2009).

In addition to a refusal to cooperate, the trial court also found that Bishop threatened one of the currently appointed defense attorneys, Rebecca Lytle, with physical injury. Lytle refused to meet with Bishop alone. In response to this development, Bishop announced that if the trial court could not remove her for a conflict, he would "break her front teeth out." Bishop's investigator mirrored Lytle's sentiment—he felt uncomfortable meeting Bishop in person and wished to assist him only through written communication.

The trial court determined that Bishop was competent to stand trial, to represent himself, and to cooperate with appointed counsel (if he were willing). As a result of Bishop's unmanageable behavior, the trial court concluded as a matter of law that Bishop forfeited his right to hybrid counsel. As such, the trial court ordered Bishop to represent himself, determine his own trial strategy, make his own statements and arguments, and conduct his own examination of witnesses. But the trial court stopped short of fully discharging appointed counsel from the case. Instead, appointed counsel was ordered to remain in the case to assist Bishop in the event he is either unwilling or unable to represent himself and to offer assistance such as serving subpoenas on witnesses and conducting legal research.

Bishop was unpleased with the ruling and filed an original action in the Court of Appeals for a writ of mandamus to prohibit the trial court from enforcing the order. His primary argument is that the order deprives him of his constitutional right to counsel and violates our holding granting him access to hybrid counsel. But the Court of Appeals denied the writ because it concluded that he had an adequate remedy by appeal from any adverse judgment entered against him in the trial court. Bishop now appeals to this Court, asking us to

reverse and remand the case to Court of Appeals for a writ of mandamus to prohibit enforcement of the trial court's order.

## II. ANALYSIS.

When ruling on a writ petition, we must first determine whether the writ is appropriate. Only then will we look to the merits of the petition to review the trial court's decision. The decision to issue a writ is entirely within this Court's discretion.[2] A writ is an extraordinary remedy and is one we apply with caution. We have recognized two specific situations where this type of relief is appropriate:

> [U]pon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if petition is not granted.[3]

Bishop does not argue that that trial court acted outside its jurisdiction; instead, he posits that the trial court is acting erroneously and the order imposes a great injustice by depriving him of his constitutional right to counsel at trial. But under this second writ category, Bishop bears the burden of proving both irreparable injury *and* inadequate appellate remedy.[4]

The Court of Appeals denied Bishop's writ petition and concluded that a matter-of-right appeal following his potential conviction would be an adequate remedy. Specifically, the panel held that "Bishop offers nothing to show that he will suffer any injury that cannot be corrected on appeal if he is convicted

---

[2] *Hoskins v. Maricle*, 150 S.W.3d 1, 5 (Ky. 2004) (citations omitted).

[3] *Id.* at 10.

[4] *Id.* at 9-10.

4

erroneously." According to the panel, there is no threat of immediate or irreparable injury if the court does not consider his substantive claims before the conclusion of his trial. And we agree.

Bishop's primary counterargument to the Court of Appeals' decision is the gradual loss of evidence and general impairment to his own investigation in preparing his defense, should he be ordered to proceed immediately to trial. He specifically points to the fact that some witnesses he considered favorable to his case have already died over the course of the last fifteen years, and he needs to investigate thoroughly all areas he deems essential to his defense. But this, to us, is insufficient to establish an immediate and irreparable injury worthy of grating his writ petition.

The march of time inexorably threatens the availability of witnesses to present live testimony. Although we are sure Bishop wishes to use these individuals to discover new information, granting this writ would only prolong the pretrial process even more, making it even less likely these potential witnesses survive to testify at trial. And a large part of the delay in retrial can be attributed to Bishop's refusal to cooperate and collaborate with the attorneys the trial court appointed to aid him as hybrid counsel. The Court of Appeals panel was correct in deducing that our requirement of a lack of an appropriate appellate remedy is unavoidable.[5] Absent any proof to the contrary, we have no reason to believe Bishop will acquire any additional discovery, and we have no reason to be concerned for potentially deteriorating exculpatory evidence. And as such, there is no injury we must characterize as

---

[5] *See Gilbert v. McDonald-Burkman*, 320 S.W.3d 79 (Ky. 2010).

5

immediate, irreparable, and incapable of remedy should he choose to appeal a potential conviction. So we cannot agree the Bishop is entitled to the writ of mandamus he requests.

But our inability to agree to the issuance of a writ today should not necessarily be construed as an endorsement of the trial court's order. The Sixth Amendment to the United States Constitution grants every criminal defendant "the assistance of counsel for his defense."[6] This federal constitutional protection is incorporated to state prosecutions through the Due Process Clause of the Fourteenth Amendment.[7] And the United States Supreme Court further held that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."[8]

The Kentucky Constitution offers a similar protection for individuals prosecuted in the Commonwealth. The state constitution provides that "In all criminal prosecutions the accused has the right to be heard by himself and counsel."[9] Kentucky's provision is textually distinct from the Sixth Amendment and contemplates a heightened scope of rights than its federal counterpart. In Kentucky, a criminal defendant is entitled to be heard through counsel *and* through his own representation. In *Wake v. Baker,* we construed this constitutional command to mean that "an accused may make a limited waiver of counsel, specifying the extent of services he desires, and he then is entitled

---

[6] U.S. CONST., amend. VI.

[7] *See Gideon v. Wainwright,* 372 U.S. 335 (1963).

[8] *Argersinger v. Hamlin,* 407 U.S. 25, 37 (1972).

[9] Ky.Const. § 11.

to counsel whose duty will be confined to rendering the specified services."[10] So we boldly declared that the Kentucky Constitution includes the right to hybrid counsel. And we reiterated this representational right in our original opinion in Bishop's case.[11]

Both the federal and state constitutions take a strong stand on a criminal defendant's right to representation at trial. And the trial court in the instant case appears to have concluded that by his conduct, Bishop forfeited his right to both hybrid and full counsel at trial. We have never directly confronted a forfeiture of this magnitude in our jurisprudence. While deprivations of counsel are reviewed on appeal for structural error, it would appear that structural-error review is incompatible with our writ requirements.[12] Bishop retains an adequate appellate remedy should he lose at trial: he is still entitled to a matter-of-right appeal, which may result in yet another trial. It is thus inappropriate for us to address today whether Kentucky constitutional law permits forfeiture of full counsel, hybrid counsel, or both. But should the trial court proceed on its present course, we anticipate our wait

---

[10] 514 S.W.2d 692, 696 (Ky. 1974). The *Wake* Court, of course, limited the services a defendant may specify to those within the "normal scope of counsel services." *Id.*

[11] *See Bishop v. Commonwealth*, 2009 WL 424989 *1-2 (Ky. 2009).

[12] *See Mitchell v. Commonwealth*, 423 S.W.3d 152, 162 (Ky. 2014). This seems to reflect the Supreme Court's position on Sixth Amendment counsel claims. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006) (erroneous deprivation of the right to counsel of choice "unquestionably qualifies as structural error") (internal citations omitted).

A structural error is a "very limited class" of errors that affect the "framework within which the trial proceeds." *United States v. Marcus*, 560 U.S. 258, 263 (2010). Under Kentucky law, structural errors are presumed to be prejudicial, and there can be no harmless-error review. *See Allen v. Commonwealth*, 410 S.W.3d 125 (Ky. 2013); *Hill v. Commonwealth*, (124 S.W.3d 221 (Ky. 2004) (as modified by *Depp v. Commonwealth*, 278 S.W.3d 615 (Ky. 2009)) (violation of right to counsel is structural and not subject to harmless-error review).

to tackle the merits of conduct-based waiver of the right to counsel and hybrid counsel will not be a long one.

### III.    CONCLUSION.

For the foregoing reasons, we affirm the Court of Appeals' decision to deny Bishop's petition for a writ of mandamus.

All sitting.  All concur.

COUNSEL FOR APPELLANT:

Susan Jackson Balliet
Department of Public Advocacy

APPELLEE:

Honorable Eddy Coleman, Special Judge
Floyd Circuit Court

COUNSEL FOR REAL PARTY IN INTEREST, COMMONWEALTH OF KENTUCKY:

Andy Beshear
Attorney General of Kentucky

James Hays Lawson
Assistant Attorney General of Kentucky